[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced on March 1, 1991, against the defendants, James Melaven and New England Landscaping and Maintenance Contractors, Inc. Subsequently the case was transferred from small claims to the regular docket of the Superior Court.
On August 21, 1992 the plaintiff filed an amended complain naming James Melaven and Middletown Rustproofing, Inc. as defendants.
On March 15, 1993, in response to the plaintiff's motion, the defendant, Middletown Rustproofing, Inc., was defaulted for failure to appear.
On March 18, 1993, the plaintiff filed a motion for judgment against the defendant Middletown Rustproofing, Inc. Accordingly, upon filing of affidavits and a claim for costs, judgment was entered for the plaintiff to recover of the defendant, Middletown Rustproofing, Inc. the sum of $1,207.93 plus costs of $63.00 and the action against the defendant, James Melaven was to proceed.
Trial against the defendant James Melaven, commenced on December 23, 1993. After the plaintiff was heard, the defendant moved for judgment of dismissal for failure of the plaintiff to make out a prima facie case.
The court based on a preponderance of the credible, relevant and legally admissible evidence finds, concludes and rules as follows.
The plaintiff supplied materials to various corporations owned by the defendant James Melaven.
By judgment of this court, dated April 22, 1993, Middletown Rustproofing, Inc. was found to be the indebted to the plaintiff in the amount of $1,207.93, which is the total claim of the plaintiff.
Because by judgment Middletown Rustproofing, Inc. was found to be the debtor, any liability of James Melaven must be as guarantor.
The promise of a third party to pay the debts of another must be in writing to be enforceable. No evidence of such writing was proffered.
Viewing the evidence in the light most favorable to the CT Page 11298 plaintiff, the court concludes that there was no evidence of any written guarantee that James Melaven would assume the debts of Middletown Rustproofing, Inc.; therefore a judgment of dismissal is entered for the failure of the plaintiff to make out a prima facie case against the defendant, James Melaven.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk